James **ALLEN**, William John Madone, and John J. Bonita, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 18361.

United States Court of Appeals
Fifth Circuit.

April 17, 1961.

Rehearing Denied June 6, 1961.

Herman Methfessel, Miami, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

On their waiver of a jury trial,[1] appellants, defendants, were convicted by the court of having devised a scheme to defraud various named persons and others by means of certain false or fraudulent representations and promises and having used the mails in execution of said scheme, 18 U.S.C.A. § 1341.

The evidence establishes that the defendants were employed by the Financial Service Corporation of Miami, a company organized and wholly owned by defendant Madone. Financial Service was in the business of obtaining loans for small businessmen, for which it charged a fee. Operations began in June, 1958, when circulars were mailed to prospective clients in small towns around Miami. The names and addresses of those solicited were obtained from Dun & Bradstreet and from the telephone book. Those who were interested in obtaining funds were directed to fill in and return a business reply card. About two to three weeks after this card was mailed, a representative of Financial Service Corporation, namely one of the defendants, would appear. When defendants' efforts met with success, the customer signed an application for a loan and a form contract. He also paid a substantial service fee in advance. The Government's witnesses testified that, in each case, the particular defendant assured the prospective borrower that the fee would be returned if a loan was not forthcoming.[2] The defendants uniformly denied having made such statements. They relied on a term of the contract which indicated that the service fee was earned when the application was "accepted" by the Home Office of Financial Service Corporation. Most of the prospective borrowers had no further contact with a representative of Financial Service Corporation once the service fee was paid.

The question which determined whether the enterprise was a fraud was the intent of the defendants. The evidence certainly supports a finding that the defendants did not intend to make anything more than a frivolous effort to perform any sort of services for their customers. No loans had been arranged by Financial Service Company to the date of the trial. Especially damaging was an admission made by the defendant Madone in a letter to an associate in Chicago: "The Miami Herald had a full column on advance fee racketeers as they called them in yesterday's paper * * * so send me down everything pertaining to deal, also the list of financial companies. I have a feeling they will walk in on me real soon." If the court credited the testimony of the Government witnesses as to false statements made by Allen and Bonita, it could well infer that each of them was a party to the fraudulent scheme. There was no error in the denial of defendants' motions for judgments of acquittal.

Appellants argue that the district court erred in admitting evidence of similar transactions to those charged in the indictment. That evidence was admissible to establish intent. See Ahrens v. United States, 5 Cir., 1959, 265 F.2d 514.

The judgments of conviction are

Affirmed.

1. Rule 23, Federal Rules of Criminal Procedure, Title 18 U.S.C.A.

2. In addition, there was testimony of false statements as to the promptness with which a loan could be obtained, the rate of interest the customer might expect to pay, and the financial source of the loan funds.